1. Under the allegations of the petition it appears that the injured servant had at least opportunity equal to that of the master to discover the alleged defects in the machinery operated by the servant.
2. Since the master did not order the servant to continue to use the defective machinery, no promise on the part of the master to repair or replace the defective machinery would relieve the servant from the duty to exercise ordinary care for his own safety. Elliott v. Tifton Mill Gin Co., 12 Ga. App. 498
(77 S.E. 667).
3. Plaintiff assumed the risk of attempting to remedy the defect while the machinery was in operation. Donaldson v. Marsh Cypress Co., 9 Ga. App. 267 (70 S.E. 1121).
4. That the plaintiff was doing the work of two men is immaterial, he having assented thereto. Richmond Danville R. Co. v. Mitchell, 92 Ga. 77 (3) (18 S.E. 290).
The court did not err in sustaining the general demurrer and in dismissing the action.
Judgment affirmed. Stephens, P. J., and Sutton, J.,concur.
 DECIDED OCTOBER 9, 1942.
 STATEMENT OF FACTS BY FELTON, J.
Gordon Moses sued R. E. Johnson for damages, alleging in his original petition: "2. That defendant operates a gin in said county in which seed cotton is ginned and baled and prepared for market. 3. That previous to September 27, 1940, the date on which your petitioner was injured, he, petitioner, had been in the constant employment of defendant for a period of over twelve years, working as a farm hand, except during the ginning season when he was employed in defendant's gin as a pressman. 4. That on the last date mentioned the machinery of said press had become worn and defective; that unknown to petitioner a bolt in the arm of said press had become loose and was protruding some two inches above the surface of said lever of said press. 5. That while in line of duty the sleeve of his left arm caught on said protruding steel bolt and drew petitioner's left arm under the *Page 132 
trample chain of said press, crushing his left hand so badly until it became necessary for same to have to be amputated together with part of his forearm. . . 8. That defendant was negligent in permitting his said cotton press to become impaired."
The defendant filed the following demurrer: "1. Said petition fails to set out a cause of action against this defendant. 2. Said petition shows that the plaintiff had the means of knowing of the alleged defect equal to or better than those of this defendant. 3. It does not appear from said petition that the defendant knew or by the exercise of ordinary care could have known of the alleged defect. 4. It appears that the injury alleged was caused from a risk incident to the employment of the plaintiff. 5. It appears that the alleged defect was obvious and could have been known by the plaintiff in the exercise of ordinary care and diligence. 6. Defendant demurs specially to the allegation in paragraph 5 of the petition, viz: `That while in line of duty,' as being a conclusion of the pleader, it not being alleged what were plaintiff's duties, not what he was doing at the time of the alleged injury, nor does said paragraph allege how plaintiff's sleeve was caught or why it was caught as alleged."
Plaintiff amended his petition by adding the following allegations: "4-a. Defendant knew of the defects and dangers of said cotton-press outfit. He knew that the box portion of said press wherein lint cotton was pressed into bales was secondhand and worn when he purchased same several years previous to plaintiff's injury, and that it was never in good working condition. 4-b. As an inducement to get plaintiff to work as pressman for him, he promised from time to time that he would replace said worn and unsatisfactory press box with a new one. Depending and relying upon defendant's assurance to do so, and in an effort to co-operate with his employer of thirteen years' duration, plaintiff continued to work on as a pressman, because he wished to obey defendant's orders in spite of any possible danger to himself. Plaintiff has a family to support and he wanted to continue to hold on to his job. 4-c. At the time of his injury said press had got out of repair so that lint cotton was pouring out upon the cogs of said tramper. Plaintiff was fearful that some of it would fall into the cogs which propelled same and would start a blaze, so while said machinery was in motion he proceeded to *Page 133 
adjust same by oiling said machinery, as he had been trained to do by the defendant, to cause it to again properly function. In doing so, during said emergency, his coat sleeve caught in said protruding bolt and drew his hand under said tramper chain and crushed it as aforesaid. Said bolt being longer and same was not equal in kind to that in general use at said place. 4-d. In the immediate emergency plaintiff became forgetful for his own safety at the moment which made him forgetful of the presence of any possible danger to himself. 4-e. As stated, plaintiff was required to do the work in handling said press as is customarily done by two persons, namely, to operate said tramper and packer, and at the same time to wrap the bales of cotton as they came out of the press with bagging held on by ties of iron strips. All of said work required of him by defendant kept him constantly busy. 4-f. Plaintiff alleges that he constantly relied upon the defendant, who directed him, to provide him a safe place to work and to maintain same and to keep same free from hidden dangers like said protruding bolt. He failed to do so, and the proximate cause of his injury was the direct result of defendant's negligence as aforesaid. His duty was to follow the instructions of defendant and in religiously doing so he suffered his irreparable injury."
The court sustained the general demurrer and dismissed the action, and plaintiff excepted.